Dear Mr. Tomino:
You have requested the opinion of the Attorney General with regard to the release of certain information held by the Board of Physical Therapy Examiners concerning applicants for licensure. Your request has been assigned to me for consideration and response. The query posed by your opinion request is as follows:
 Is a state licensing board under the obligation to disclose the names and addresses of those individuals who participated as examinees in a national licensure examination?
An applicant for licensure as a physical therapist or a physical therapist assistant is required to file a written application with the Board of Physical Therapy Examiners, in accordance with LSA-R.S. 37:2404. The applicant must also supply evidence to the Board that he or she meets the requisite qualifications for licensure enumerated in LSA-R.S. 37:2403. The Board is required, pursuant to LSA-R.S. 37:2403 and 2409, to examine applicants for licensure as physical therapists or physical therapist assistants. Pursuant to this duty the Board has adopted the National Physical Therapists Assistant Examination which is the examination referred to in this opinion request. All applicants for licensure as physical therapist assistants must take the National Physical Therapists Assistant Examination in order to obtain licensure by the Board.
Documents held by the Board concerning applicants for licensure, which would include a list of examinees, are public records for purposes of the Public Records Law as such records are held by a public body and used in the course of conducting public business. See, LSA-R.S. 44:1. Thus, records concerning applicants for licensure must be disclosed to the public upon request unless they are exempted by statute or are shielded from disclosure on the basis of constitutional privacy concerns. A careful review of the Public Records Law, LSA-R.S. 44:1 et seq., revealed no statutory exemption which would apply in this instance to exempt the names and addresses of examinees from disclosure. Therefore, a discussion of the right to privacy found in the Louisiana Constitution of 1974 is necessary.
Article 1, Section 5, of the Louisiana Constitution of 1974, protects persons within this state from unreasonable invasions of privacy. Applying Article 1, Section 5, to the case at hand, the threshold test is whether the individuals concerned have a reasonable expectation that the information supplied to the Board of Physical Therapy Examiners in conjunction with the licensure process will not be disclosed to the public. It is the conclusion of this writer that there is no reasonable expectation that the Board will not disclose the names and addresses of those persons who sat for the national licensure examination which it administers.
This conclusion is consistent with prior opinions of this office concerning the release of analogous information. In Attorney General Opinion No. 80-28 this office stated that the file of an applicant for licensure, held by the Louisiana State Board of Examiners of Psychologists, was disclosable under the Public Records Law, though "personally identifiable" information could not be released absent the consent of the applicant. Also, in Opinion No. 76-721, this office opined that lists of applicants for employment with a state agency are public records and must be disclosed. Still further, in Opinion No. 93-419, this office found that nomination forms containing names and addresses of students who are nominated by legislators for tuition waivers to attend Tulane University must be disclosed.
Your opinion request expresses a concern that the disclosure of a list of names of those persons who sat for the examination, when compared to a list of those persons who passed the examination, i.e. those persons who were licensed by the Board, would reveal the identity of those persons who failed the examination.
It is the opinion of this writer that, though information as to who failed the examination may be inferred from the comparison of these two lists, the possibility of such an inference, whether it is true or not, does not amount to an unreasonable invasion of privacy which would be prohibited by Article 1, Section 5, of the Louisiana Constitution of 1974. However, this is not to say that the disclosure of a list which reports the name and actual performance of each examinee would not be protected, as such a list would ostensively contain information of a personally identifiable nature which may reasonably be expected to remain confidential.
In conclusion, it is the opinion of this office that the names and addresses of those applicants for licensure who participated as examinees in the national licensure examination, administered by the Board of Physical Therapy Examiners, must be released pursuant to the Public Records Law.
I hope that this has sufficiently answered your question. If you require any further assistance, please feel free to call on this office.
Yours very truly,
 RICHARD P. IEYOUB, Attorney General
BY: GINA M. PULEIO Assistant Attorney General RPI/GMP:pab/2004o